UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
FREDERICK J. HARRINGTON, JR.,

                        Plaintiff,

   - v -

ATLANTIC SOUNDING CO., INC., et al.,

                        Defendants.
-------------------------------------------------------------------x

**OPINION AND ORDER**

CV-06-2900 (NG)(VVP)

      The plaintiff has moved to compel the defendants to produce videotapes made while he was under surveillance by a private investigator they hired, as well as any written reports of that surveillance. The defendants oppose the motion on the ground that the videotapes and reports are work product, and that the plaintiff has not established a basis for overcoming the qualified protection afforded to such materials.

      The threshold question to be addressed is whether the surveillance tapes and reports (collectively, the "surveillance materials") are work product, as the defendants contend. The work-product doctrine, as articulated in the Federal Rules of Civil Procedure, provides qualified protection for "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent.)" Fed. R. Civ. P. 26(b)(3)(A). Given that definition, the court has no difficulty concluding that the surveillance materials at issue here fall within the scope of work product. The videotapes are "tangible things" and the reports are "documents." They were prepared by a private investigator who was hired by the defendants to provide surveillance services, and who thus falls comfortably within the meaning of "consultant" and/or "agent" of the defendants. There is no question that the surveillance materials were prepared "because of existing or expected litigation," which is the standard in this circuit for determining whether the "in anticipation of litigation" requirement is met. *See United States v. Adlman*, 134 F.3d 1194, 1198 (2nd Cir. 1994). None of the cases cited by the plaintiff hold otherwise. Rather, those cases hold that the protections afforded

to work product are overcome by the plaintiff's substantial need for the surveillance materials, the issue to which the court now turns. *See, e.g., Gutshall v. New Prime, Inc.*, 196 F.R.D. 43, 46 (W.D. Va. 2000)("Notwithstanding the work product status of the surveillance evidence, it therefore must be produced by New Prime pursuant to Federal Rule of Civil Procedure 26(e)(2)"); *Blount v. Wake Elec. Membership Corp.*, 162 F.R.D. 102, 104 (E.D.N.C. 1993)("Since Plaintiff's past activities can no longer be filmed, Defendant's claim of work product is defeated."); *Papadakis v. CSX Transp., Inc.*, 233 F.R.D. 227, 228 (D.Mass. 2006)("federal and state courts have fairly uniformly held that video surveillance tapes, even if work product, must be provided in discovery and prior to trial."); *Bachir v. Transoceanic Cable Ship Co.*, No. 98 Civ. 4625, 1998 WL 901735, at *1 (S.D.N.Y. Dec. 28, 1998)("Obviously, surveillance evidence is gathered in anticipation of litigation and thus is generally protected as work product.").

As noted above, the work product protection afforded to the surveillance materials at issue here is not absolute, but rather qualified, because discovery of work product may be obtained if "the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii). Thus, where a party intends to introduce surveillance tapes at trial, either as "substantive" evidence or solely for impeachment purposes, virtually all courts have found that the "substantial need" requirement is satisfied and that the tapes must be produced. *See, e.g., Papadakis v. CSX Transp., Inc.*, 233 F.R.D. at 228 (citing cases); *Gutshall*, 196 F.R.D. at 45-46 (citing cases). The "need" typically cited is proper preparation for trial given the highly persuasive nature of videotape evidence. *E.g., Gutshall*, 196 F.R.D. at 46; *Bachir*, 1998 WL 901735, at *1. To balance the parties' competing interests, however, if the defendant intends to use the tapes for impeachment purposes only, courts usually do not require production to be made until after the plaintiff has been deposed. *E.g., Tripp v. Severe*, No. CIV.A.L–99–1478, 2000 WL 708807, at *1 (D. Md. Feb. 8, 2000); *Bachir*, 1998 WL 901735, at *2; *Blount*, 162 F.R.D. at 104.

Here, however, the defendants have unconditionally asserted that they will not use some of the videotapes for any purpose whatsoever at trial, and wish to reserve decision on whether they will use others until after the plaintiff has completed his deposition. Specifically, the defendants have declared that they will not use any of the videotapes made prior to the plaintiff's first day of deposition in September 2008,[1] but wish to defer decision as to their use of videotapes made since the deposition in September 2008 until after the plaintiff completes his deposition. In view of the present posture of discovery, then, the court will follow the overwhelming majority of cases that have dealt with the issue and hold that there is no basis for compelling production of any of the videotapes at this point.

The defendants have also asked the court to decide whether they will be compelled to produce any of the videotapes if they ultimately determine that they will not use them at trial for any purpose. They argue that the plaintiff will then have no substantial need for the evidence that would overcome the work product protection they enjoy. Although some courts appear to have determined that the substantial need test is met with respect to all videotape evidence simply because of its importance, *see Bachir*, 1998 WL 901735, at *1-2; *Gutshall*, 196 F.R.D. at 46, the decision in *Gibson by Gibson v. National R.R. Passenger Corp.*, 170 F.R.D. 408 (E.D. Pa. 1997), articulates a sound argument against disclosure of surveillance evidence if it will not be used for any purpose by the defendants at trial:

> A decision not to use the evidence at trial presumably indicates that it either corroborates Plaintiffs' claims or is simply inconclusive. In either case, we find that the work product doctrine bars discovery because Plaintiffs have no substantial need of the evidence.

*Id.*, 170 F.R.D. at 410. As that court noted, the plaintiff clearly has evidence to establish that his injuries are as he claims – e.g., his own testimony, testimony by his doctors, and medical records – and thus no need to appropriate the defendants' work product. *Id.* It is true, of course, that the plaintiff can no longer obtain the substantial equivalent of the defendants' videotapes at this time, but again, that does not justify the appropriation of the defendants'

---

[1] The defendants have videotapes made on three days, one in May 2006, another in June 2007, and a third in March 2008.

work product.  Given the ubiquity of camcorders and other video recording devices in today's world, the plaintiff had (and continues to have) ample opportunity to obtain video recordings of his activities.  Accordingly, if the defendants choose not to use any videotapes at trial, none need be produced.

The defendants have also asked that the court rule now on whether the pre-September 2008 videotapes will have to be produced if they choose to use any of the post-September 2008 videotapes at trial.  I will leave that determination for another day for several reasons.  First, the plaintiff has not had a sufficient opportunity to address that specific issue.  Moreover, until the court knows what is depicted on the videotapes that the defendants intend to offer, the court is unable to determine whether any of the activities depicted on other videotapes have any evidentiary relationship to those that will be offered such that they should, in fairness, be produced.

Finally, as to the investigator's written surveillance reports, the plaintiff has offered no substantial need that overcomes the work product protection afforded to those materials, and they therefore need not be produced.

SO ORDERED:

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:   Brooklyn, New York
         December 30, 2011